IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Criminal Case No. 02-cr-00466-LTB

UNITED STATES OF AMERICA,

         Plaintiff,

v.

1. MICHAEL G. BERGMAN,

         Defendant.
_____

## ORDER
_____

Defendant Michael G. Bergman ("Bergman") moves for a Hearing to Set Aside judgment and a stay of execution of his conviction for wire fraud and aiding and abetting. Bergman also requests an order to produce the grand jury list for 2002 and 2003. For the reasons discussed below, Bergman's motions are GRANTED, in part and DENIED, in part.

### I. BACKGROUND

Bergman was indicted September 11, 2002 on multiple counts of wire fraud and bank fraud. On May 20, 2005 Bergman plead guilty to one count of bank fraud and aiding and abetting as part of a plea agreement with plaintiff United States ("Government.")   On November 1, 2005, Bergman was sentenced to serve 15 months in federal prison, and to pay $165,000 in restitution. The prison sentence was ordered to commence on November 28, 2005. On November 21, 2005, Bergman filed two motions: one requesting the Grand Jury List for 2002 and 2003 (Docket # 137), and one requesting a Hearing to Set Aside the Judgment and for a Stay of Execution (Docket # 138). On November 28, 2005, Bergman filed a motion to postpone execution of

judgment pending a hearing on the motion filed November 21, 2005 (Docket # 140). The Government responded to these motions December 1, 2005. Bergman requested and was granted until January 11, 2006 to submit a reply. As of January 31, 2006, Bergman had not filed a reply with this Court.

## II.  DISCUSSION

A.  <u>Motion to Set Aside the Judgment and Stay of Execution</u>

Bergman argues that his constitutional rights were violated because the Grand Jury indictment was signed by a non-existent individual, and that this information was not made available to him prior to his plea agreement. Bergman contends that the grand jury indictment was signed by a "David Haus," and that three investigations Bergman commissioned have concluded that David Haus does not exist. On this basis, Bergman asserts that his plea agreement should be set aside.

The Government raises numerous objections to Bergman's motion. First, the Government asserts that Bergman improperly brings this motion under Fed. R. Civ. P. Rule 60(b), which is inapplicable to criminal cases. Second, the Government argues that this motion is moot because Bergman reported to the Federal Prison Camp in Englewood Colorado on November 28, 2005.

I decline to address these issues and instead address the Government's more important point. The Government stipulates that no one named "David R. Haus" served on the grand jury that indicted Bergman. The Government states that the grand jury foreperson who signed the indictment against Bergman was David R. Hansen, and that Bergman has misread Hansen's signature as "Haus." The Government provides an affidavit from Brenda Sunderland, the grand jury clerk for the United States Attorney's Office during the relevant time period. The affidavit

states that Sunderland personally knew Hansen, that she saw Hansen sign his name many times, that she is familiar with his signature and that the signature on the indictments is his signature.

Bergman has not provided his three purported investigative reports to the Court. Also, his motion contends only that these reports show that David R. Haus does not exist, not that Hansen does not exist or that Hansen was not the grand jury foreperson. Bergman has chosen not to reply to the Government's response, even though he was granted the additional time he requested.

I find and conclude that the Government's response adequately addresses the issue underlying Bergman's motion. Without addressing whether Bergman's contentions, if true, would entitle him to the relief he requests, and without addressing whether his motion is moot, I find and conclude that Bergman has not raised any factual dispute about the identity of the grand jury foreperson. The essence of his claim is that David R. Haus is fictitious, but in fact David Hansen signed the indictments. On this basis alone, Bergman's motion for a hearing to set aside judgment and for stay of execution is DENIED.

B.      Request for Grand Jury List for Grand Jury 2002 and 2003

Bergman requests the grand jury lists for 2002-2003. Bergman does not specify precisely what lists he is seeking, or for what purpose. I infer, based on Bergman's motion to set aside the judgment, that he requests the grand jury lists in order to ascertain if a David R. Haus actually served on the grand jury which indicted him. While Bergman is correct that under *Test v. United States*, 420 U.S. 28, 30 (1975), he has "essentially an unqualified right to inspect jury lists," I still must apply this principle to the facts of this case.

The United States Federal District Court for the District of Colorado selects potential jurors from Master Jury Wheels which include names selected from all of the counties in each

division of the District. For any given grand jury, this list could total tens of thousands of names. I assume that this is not the list Bergman is seeking. More likely, Bergman seeks the smaller list of approximately 300 names that comprise the population of names from which the grand jury that delivered his indictment was selected. Under the principle of *Test,* under the federal statute governing jury selection processes, 28 U.S.C. § 1867(f) and under this Court's jury selection plan, Bergman is entitled to these names.

The Government requests that I make these documents available for inspection only. I decline to do so. Federal law grants parties the right to "reproduce and copy" documents related to grand jury selection procedures. 28 U.S.C. § 1867(f). Moreover, Bergman is currently in federal prison and is proceeding pro se. It is unclear how he can have access to these documents if he is unable to obtain copies of them.

The Government also states that Bergman is not entitled to a specific list of the jurors on the grand jury that returned the indictment against him, or to attendance and voting records. I agree. Bergman has not specifically requested this information, but I address this issue for the sake of clarity. Access to this kind of information about specific grand jury matters, as opposed to information about grand jury selection procedures, is governed by Fed. R. Crim. P. 6(e). Grand Jury matters include records of any grand juror's vote, Fed. R. Civ. P. 6(e)(3)(A) and grand jury attendance records, *Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 869 (D.C. Cir. 1981). The scope of the "unqualified right to inspect" does not necessarily extend to the list of grand jurors who returned a particular indictment. *See U.S. v. McLernon*, 746 F.2d 1098, 1123 (8th Cir.1984).

In order to have access to information about grand jury matters governed by Fed. R. Crim.

4

P. 6(e), Bergman must demonstrate a compelling necessity for the information. *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997). He has not done so. I therefore find and conclude that Bergman is not entitled to the specific list of jurors who issued his indictment, or to the attendance and voting records of this grand jury.

I grant Bergman's motion to the extent that he may have access to the 300 or so names from which the grand jury that delivered his indictment was selected. I am granting him the names only. These individuals' addresses constitute grand jury matters under Fed. R. Crim. P. 6(e). Any effort by Bergman, or by someone on his behalf, to contact any name on this list, would violate Fed. R. Crim. P. 6(e). If Bergman wishes to contact anyone on this list, he must show compelling need to do so and obtain an Order from this Court granting him permission. Therefore, it is so ordered that,

1) Bergman's motion for an Order to Produce the Grand Jury list (Docket # 137) is GRANTED, as prescribed in this Order;

2) Bergman's motion for a Hearing to Set Aside Judgment and a Stay of Execution (Docket # 138) is DENIED;

3) Bergman's motion for Postponement of Execution of Judgment Pending a Hearing (Docket #140) is DENIED, and

4) The Clerk of the Court shall send to Bergman the list of the 300 potential jurors summoned pursuant to grand jury 01-01, which issued the indictment against him.

**DONE and ORDERED,** this ___1st___ day of February, 2006 at Denver, Colorado.

                                                               s/Lewis T. Babcock
                                                               United States District Chief Judge